Cecil S. WOOD, Appellant (Plaintiff below),

v.

Harold WILLMAN, Appellee (Defendant below).

No. 3563.

Supreme Court of Wyoming.

Jan. 31, 1967.

Donald R. Winship, Jerry A. Yaap, Casper, for appellant.

Daniel P. Svilar, of Boyer & Svilar, Lander, for appellee.

Before GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Cecil S. Wood sued Harold Willman on four promissory notes dated November 20,. 1963, each for $2,062.50, payable to Blu-Chilla, Inc., each endorsed, "Blu Chilla Inc. by Donald L Lucas, Pres." The complaint set out Willman as maker, alleging that plaintiff was the holder in due course. Defendant answered, denying generally and alleging as affirmative defenses that prior to the commencement of the action plaintiff had received full payment of the amounts owing on the obligation for which the promissory notes were taken as security; failure of consideration; and that plaintiff was not a holder in due course or the real party in interest.[1] Defendant also counterclaimed, alleging his agreement to purchase chinchilla animals and certain false representations by Lucas; a joint adventure between Wood, Lucas, Blu-Chilla, and others; payment by defendant to Lucas of $2,600 in cash and the delivery of four promissory notes in the amount of $8,250; and seeking damages in the sum of $10,850 and exemplary damages in the sum of $20,000. Both parties moved for summary judgment, filing certain affidavits, but the motion in each instance was denied and the

1. Previous to the institution of this suit on October 7, 1965, the Willmans had sued Blu-Chilla and Lucas, demanding judgment against the defendants for $2,- 600 and the voidance of the four promissory notes. Subsequently the parties released each other from any claim arising out of the suit and the contracts upon which the suit was based, it having been agreed, inter alia, that there was a lack of consideration when the Willmans entered the contractual agreement with Blu-Chilla and that the four promissory notes given by Willman were considered paid in full, Blu-Chilla stating that it would make every effort to obtain these notes from Wood and return them to the Willmans.

cause was tried to the court, resulting in a judgment wherein the court found (1) generally for the plaintiff and against the defendant on the complaint and on defendant's counterclaim, (2) that there was no failure of consideration on defendant's contract pursuant to which the notes were issued, (3) that the endorsement and delivery of the notes conveyed less than the transferor's entire interest in the instrument,[2] that the proceeds of the notes were assigned to plaintiff as security for a prior loan in the sum of $50,000 and interest thereon at the rate of 8 percent per annum, made by plaintiff to plaintiff's transferor, and that the sum of $55,884.17 was credited to its repayment, and (5) that the sum of $458.35 remained unpaid on the loan of $50,000; and accordingly judgment was entered against defendant for the $458.35.

Plaintiff in his appeal from the judgment urges some five bases of error, the thrust of which is that judgment should have been granted for the full amount of the notes plus interest and attorney's fees since plaintiff was the holder in due course and defendant entirely failed to establish a defense. Before considering the argument of plaintiff, it would seem best to examine some aspects of the Commercial Code, particularly in view of certain misapprehensions of counsel and court who addressed themselves primarily to § 34-3-202(3), W.S.1957 (1965 Cumulative Supp.).[3] This court fails to see the pertinency of that section since it is concerned only with the validity and effect of partial assignments. That Wyoming statute deviated from the Uniform Code[4] in order to reflect various holdings that a partial assignment of a contract is valid as between the the parties but that an obligor may not be compelled to perform piecemeal—thus an action against an obligor to enforce a contract must join all interested parties as plaintiffs. 14 Wyo.L.J. 198, 205. In the instant case, however, there was no partial assignment; plaintiff as a pledgee in a security transaction was the purchaser of a limited interest, and such a matter was governed not by the previously mentioned statute but by § 34-3-302(4), W.S. 1957 (1965 Cumulative Supp.): "A purchaser of a limited interest can be a holder in due course only to the extent of the interest purchased."

When the Commercial Code was adopted in this jurisdiction, relatively few changes in the law of negotiable instruments as applied to commercial paper were effectuated. Indeed, it is commonly recognized that the Code merely sought to modernize, clarify, and consolidate various provisions of the Uniform Negotiable Instruments Act. See The Uniform Commercial Code, Wyoming Legislative Research Committee, Research Publication No. 1, July 1960; 11 Am.Jur.2d Bills and Notes § 42, p. 65. Long since in Wyoming Inv. Co. v. Wax, 45 Wyo. 321, 18 P.2d 918, 925, Judge Blume recognized the rule that where the obligor proves a defense good as against the pledgor, the pledgee will be allowed to recover only to the extent of the debt for which he holds the collateral as security, but quoted with approval Haas v. Bank of Commerce, 41 Neb. 754, 60 N.W. 85, 88, " 'It is quite well settled that where a note is valid as between the original parties the pledgee may recover the whole amount

---

2. The court's finding referred to § 3-202 (3), W.S.1957, but apparently meant to refer to § 34-3-202(3), W.S.1957 (1965 Cumulative Supp.).

3. "An indorsement is effective for negotiation only when it conveys the entire instrument or any unpaid residue. If it conveys less, it is operative as a transfer and, if the payor has not contracted to make a partial performance, no legal proceeding can be maintained by the partial transferee unless all persons having an in-

terest in the instrument are joined in the proceeding."

4. "An indorsement is effective for negotiation only when it conveys the entire instrument or any unpaid residue. If it purports to be of less it operates only as a partial assignment." § 3-202(3), Uniform Commercial Code. In his brief, this wording is quoted by plaintiff as § 34-3-202(3), W.S.1957 (1965 Cumulative Supp.).

of the note, retaining any surplus as trustee for the party beneficially entitled' ". As heretofore noted, under the provisions of § 34–3–302(4), the plaintiff was a purchaser of a limited interest and a holder in due course to the extent of the interest purchased; but he could enforce the notes over defenses only to the extent of his interest, defenses good against the pledgor remaining available insofar as the pledgor retained an equity in the instrument. Thus, aside from the limited interest, the defense of want or failure of consideration was open to the defendant here. § 34–3–306, W.S. 1957 (1965 Cumulative Supp.).

■ With this background, we can now return to the argument of plaintiff that defendant entirely failed to establish a defense. It is true that the court in its judgment indicated there was no failure of consideration on defendant's contract. Nevertheless, when this is construed in the light of the court's comments, it is clear that it was considering plaintiff's rights in view of his being a holder in due course of the notes, as plaintiff has consistently held himself to be. Following defendant's presentation of testimony concerning failure of consideration and the plaintiff's motion for judgment, the court said:

"There is some question in my mind as to, strictly speaking, there was failure of consideration. However, as between the original parties, they apparently entered into some kind of accord and satisfaction which might or might not be binding upon Mr. Wood if the allegations of the counterclaim and failure of negotiability are sustained. In other words, in interpreting this contract here, are the notes such a part of this contract as to constitute an entire transaction, were they within the knowledge of the plaintiff, Wood, and is he therefore bound by the terms of the contract as well as the terms that are in the note alone. I don't think it can be resolved at this time without having evidence to get Mr. Wood's relationship to the chinchilla people before the Court. In other words, to determine whether or not he is a holder in due course. I'll hear the balance of the evidence at this time."

At the conclusion of the trial, apparently in reference to the agreement signed between the defendant and Blu-Chilla settling the suit instigated by defendant, the court said:

"The recitation that the note is considered to be fully paid is probably good between the parties, but I don't think it binds Mr. Wood."

Under this state of the record, it is our view that the trial court's finding was pertinent only to the limited interest of which plaintiff was a holder in due course. Nevertheless, if the finding were to be considered erroneous it could not be held to be prejudicial since the trial court determined that plaintiff had only a limited interest and gave judgment merely for the amount unpaid on the $50,000 loan.

■ It should be noted that plaintiff also argues that sums paid toward another loan in the amount of $12,000 from plaintiff to Blu-Chilla were credited by the trial court in arriving at the amount of indebtedness still owing on the $50,000. We have carefully reviewed the record and find that there was substantial evidence upon which the trial court could have based its determination that all of the original obligation had been repaid to Wood except the $458.35. In that connection, we hold that the trial court was justified when he criticized the bookkeeping methods and explained why he felt obligated to apply all the payments that had been made on the original $50,000 loan.

Affirmed.

HARNSBERGER, C. J., not participating.